HELENE N. WHITE, Circuit Judge
(concurring).
I join in Judge Merritt’s thoughtful and cogent discussion of the Act, except as set forth herein. I write separately to clarify some of my own reasoning in deciphering this difficult statute, and to explain why I would not decide two issues not necessary to a decision in this case.
I. Observations Regarding the History of the Private Cause of Action.
When first enacted, the private-cause-of-action provision read:
There is hereby created a private cause of action for damages (which shall be in *298 an amount double the amount otherwise provided) in the case of a workmen’s compensation law or plan, automobile or liability insurance policy or plan or no fault insurance plan, group health plan, or large group health plan which is made a primary payer under paragraph (1), (2), (3) or (4), respectively, and which fails to provide for primary payment (or appropriate reimbursement) in accordance with such respective paragraphs.
Omnibus Budget Reconciliation Act of 1986, Pub.L. No. 99-509, § 9319(b), 100 Stat. 1874. At that time, paragraphs (1)-(4) set forth the circumstances in which Medicare was only secondarily responsible and was permitted to make conditional payments subject to reimbursement. See 42 U.S.C. § 1395y(a)(l)-(4). These circumstances have been steadily expanded over the history of the Act. At first only workers’ compensation and other government benefits were primary to Medicare, see Social Security Amendments of 1965, Pub.L. No. 89-97, § 1862(a), 79 Stat. 286; then automobile and liability insurance policies and plans, including no-fault auto insurance, were made primary, see Omnibus Reconciliation Act of 1980, Pub.L. No. 96-499, § 953, 94 Stat. 2599; then plans covering end-stage renal decease were made primary, see Omnibus Budget Reconciliation Act of 1981, Pub.L. No. 97-35, § 2146(a), 95 Stat. 357; then active employees covered by group health plans were excluded from primary Medicare coverage, see Tax Equity and Fiscal Responsibility Act of 1982, Pub.L. No. 97-248, § 116(b), 96 Stat. 324; then large group health plans were made primary, see Omnibus Budget Reconciliation Act of 1986, supra, § 9319(a).
Paragraphs (l)-(4), referred to in the original private-cause-of-action provision, Pub.L. No. 99-509, § 9319(b); each included language very similar to the language now found in 42 U.S.C. § 1395y(b)(2)(A), regarding when conditional payment may be made by Medicare and the obligation to reimburse the appropriate Trust Fund for such payments.[1] Thus, the private cause of action has always been based on a primary plan’s failure to make payments as required by the provisions that make the plan primary and permit Medicare to make conditional payments. For this reason, I conclude that the private-cause-of-action provision’s reference to a “fail[ure] to provide for primary payment (or appropriate reimbursement) in accordance with paragraphs (1) and (2)(A)” is simply the current, short-handed iteration of the original provision.
The structure of the provision bears this out. The current version, § 1395y(b)(3)(A), provides:
There is established a private cause of action for damages (which shall be in an amount double the amount otherwise provided) in the case of a primary plan which fails to provide for primary páy *299 ment (or appropriate reimbursement) in accordance with paragraphs (1) and (2)(A).
Viewing the original and current private-cause-of-action provisions together, it is apparent that the current provision follows the same structure as the original, but omits the listing of the primary payers, referring to them only as primary plans, and then refers to paragraphs (1) and (2)(A) rather than paragraphs (l)-(4).
Paragraphs (l)-(4), referred to in the original private-cause-of action provision, contained the same conditional payment and reimbursement provisions now found in paragraph (2)(A) of the current Act, referred to in the current private-cause-of-action provision. Thus, I find no special significance in the use of the conjunctive in § 1395y(b)(3)(A)(referring to a failure to pay or reimburse in compliance with paragraphs (1) and (2)(A)) and agree that § 1395y(b)(3)(A) simply provides for a private cause of action when a primary plan fails to provide payment due under paragraph (1), leaving Medicare next in line to pay.
II. Clarification that the Demonstrated Responsibility Provision Applies to Claims Based on Policies and Plans But Does Not Operate to Limit Such Claims Because the Contract Underlying Such Claims Demonstrates Responsibility “by Other Means.”
The demonstrated-responsibility provision by its very terms permits a primary plan’s responsibility to be demonstrated by “a judgment, a payment conditioned upon the recipient’s compromise, waiver, or release ..., or by other means.” 42 U.S.C. § 1395y(b)(2)(B)(ii) (emphasis added). As noted by the majority, the applicable regulations define “other means” to include proof of a contractual obligation. Thus, when the demonstrated-responsibility provision is applicable, it applies to claims against traditional primary plans, but it does not require a prior judgment because the contract, policy or plan is sufficient.
III. It is Not Necessary to Decide Whether the Act Recognizes a Private Cause of Action Against Tortfeasors and, If So, Whether the Demonstrated Responsibility Provision Would Apply.
The majority holds that the demonstrated-responsibility provision only applies to suits by Medicare and that only Medicare can sue a primary plan in tort under the Act. Although this is a sensible reading of the Act, it is not the only reasonable interpretation, and therefore I would leave the resolution of these questions to a case that presents them directly.
The demonstrated-responsibility provision is found in § 1395y(b)(2)(B)(ii), entitled “Primary plans,” which sets forth the general obligation to reimburse Medicare for payments made by Medicare when a primary plan has primary responsibility. It is not found in subsection (2)(B)(iii), entitled “Action by United States.” The private-cause-of-action provision permits an action when a primary plan fails to provide for primary payment or appropriate reimbursement. The reimbursement obligation is set forth in (2)(B)(ii), which contains the demonstrated-responsibility provision. Further, the provision permitting a private action when a primary plan fails to provide primary payment or reimbursement does not exclude tortfeasors from the definition of primary plan or except primary plans whose liability is based in tort.
Thus, it is not clear, at least to me, from the language or structure of the Act that only Medicare (to the exclusion of healthcare providers) can sue primary plans whose liability is founded in tort. Because the question was not briefed, its resolution *300 is not necessary to resolve this case, and statements addressing the question may be read as more than dicta, I would not decide the issue.
Related to the question who can sue a tortfeasor is whether the demonstrated-responsibility provision applies only to Medicare. If a private party can sue a primary plan whose liability is founded in tort, it would follow that the demonstrated-responsibility provision would apply. This is a reasonable, albeit not the only reasonable, construction of the Act because the demonstrated-responsibility provision is found in the primary-plan-reimbursement subsection, not the action-by United States subsection. Thus, I would leave this question to another day as well.

. For example, paragraph (b)(1) provided:
Payment under this subchapter may not be made with respect to any item or service to the extent that payment has been made, or can reasonably be expected to be made promptly ... under a workmen's compensation law or plan of the United States or a State or under an automobile or liability insurance policy or plan (including a self-insured plan) or under no fault insurance. Any payment under this subchapter with respect to any item or service shall be conditioned on reimbursement to the appropriate Trust Fund' ... when notice or other information is received that payment for such item or service has been or could be made under such a law, policy, plan or insurance. In order to recover payment made under this subchapter for an item or service, the United States may bring an action against any entity which would be responsible for payment with respect to such item or service....
42 U.S.C. § 1395y(b)(l) (1982 & Supp. 3 Vol. 3 (1983-1986)). Similar language was found in paragraphs (2), (3) and (4). See id.